Theodore S. Maceiko (SBN 150,211)
ted@maceikoip.com
MACEIKO IP
3770 Highland Avenue, Suite 207
Manhattan Beach, California 90266
Telephone:   (310) 545-3311
Facsimile:    (310) 545-3344

Attorneys for Plaintiff
Mad Dogg Athletics, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAD DOGG ATHLETICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAP BARBELL, INC. d/b/a VELOCITY EXERCISE a Texas corporation,<br><br>Defendant. | Case No. __2:14-cv-03851__<br><br>COMPLAINT FOR:<br><br>1. PATENT INFRINGEMENT;<br>2. FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. § 1114);<br>3. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);<br>4. FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF AORIGIN (15 U.S.C. § 1125(a));<br>5. FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)); and<br>6. CALIFORNIA STATE UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 et seq. and common law).<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Mad Dogg Athletics, Inc. ("Mad Dogg"), files this Complaint

against defendant Cap Barbell, Inc. d/b/a Velocity Exercise ("Velocity"), and

demanding a trial by jury, alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action for patent infringement, which arises under the patent laws of the United States, Title 35, United States Code.  This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2.  This is an action for trademark counterfeiting and infringement under 15 U.S.C § 1114; unfair competition and false designation of origin under 15 U.S.C. § 1125(a); trademark dilution under 15 U.S.C. § 1125(c); and California statutory unfair competition under Cal. Bus. & Prof. Code §§ 17200 et seq. This Court has jurisdiction over this matter pursuant to 15 U.S.C §§ 1116(a) and 1121; 28 U.S.C. §§ 1331, 1332(a), and §§ 1338(a) and (b); and 28 U.S.C. § 1367.

3.  Venue is proper under 28 U.S.C. §§ 1391(b)-(c), as well as 28 U.S.C. § 1400(b).

## THE PARTIES

4.  Mad Dogg is a corporation incorporated under the laws of the State of California and is located and doing business at 2111 Narcissus Court, Venice, California 90291.

5.  Upon information and belief, Velocity is a division of CAP Barbell, Inc., a corporation incorporated under the laws of the State of Texas.  Velocity has its principal place of business at 10820 Westpark Drive, Houston, Texas 77042.

6.  Upon information and belief, Velocity resides in this district under 28 U.S.C. § 1391.  In particular, Velocity does business in this district and a substantial part of the events giving rise to the claims in this case occurred in this district.

## BACKGROUND FACTS

7.  Mad Dogg is the worldwide leader in indoor cycling instruction and the sale of stationary exercise bicycles, or indoor cycles, which Mad Dogg has branded under its SPIN® family of trademarks including its federally registered

1 SPIN®, SPINNER® and SPINNING® trademarks (collectively, the SPIN® Brand
2 Family of Marks").  Throughout this judicial district, throughout the United States
3 and in over 80 countries throughout the world, Mad Dogg's trademarked and
4 patented SPIN® brand of bikes are ridden by participants in SPINNING® indoor
5 cycling classes, where an authorized instructor leads the participants through a
6 group ride in which different riding positions, hand positions, cadences and/or
7 resistances are used to simulate different bicycle riding conditions.  Mad Dogg's
8 brand of the SPIN® bikes are also used by individuals riding by themselves, for
9 example, in their home.  Mad Dogg has promoted its SPIN® brand of bikes into
10 becoming the most successful brand of stationary exercise bicycles in the world,
11 outselling its closest competitor by a ratio of 3:1.

12      8.      Mad Dogg owns a number of patents covering its SPIN® brand of
13 bikes and use thereof.  Since the 1990s, Mad Dogg and its licensees have
14 distributed hundreds of thousands of authentic SPIN® brand of bikes to the
15 commercial market including institutional users such as health clubs, gyms and
16 other commercial fitness centers, as well as to the retail or consumer market,
17 including the home user market.

18      9.      By virtue, among other things, of its trademarks and patents registered
19 in connection with its SPIN® brand of bikes and their use in connection with Mad
20 Dogg's world-famous SPINNING® fitness program, Mad Dogg created an entirely
21 new and revolutionary form of exercise that came to be known as indoor cycling
22 and that has achieved incredible commercial success.  Around the world, there are
23 over 200,000 licensed and certified SPINNING® indoor cycling instructors
24 teaching in over 40,000 fitness facilities which offer the SPINNING® indoor
25 cycling program.  Millions of people worldwide ride the trademarked and patented
26 SPIN® brand of bikes and participate in the SPINNING® indoor cycling program.

27      10.      Given the commercial success of Mad Dogg's trademarked and
28 patented SPIN® brand of bikes, many competitors have since entered the indoor

cycling market in attempts to capitalize on this success.  In doing so, these competitors have sold or otherwise distributed various knockoff bikes that infringe Mad Dogg's patents and trademarks.  Various competitors have blatantly copied Mad Dogg's patented SPIN® brand of bikes and used confusingly similar trademark designations to blatantly attempt to hitchhike off of the goodwill that Mad Dogg has built over many years.  Velocity is one such infringer.  Velocity has sold or otherwise distributed a number of models of indoor cycles which infringe Mad Dogg's patents and trademarks.

11.    Mad Dogg has successfully enforced its patents against numerous infringers, and several courts have entered judgments acknowledging the validity, enforceability and infringement of Mad Dogg's patents.  Most infringers have sought to resolve their infringement rather than engage in protracted litigation.  One such infringer, however, chose to initiate reexaminations of six of Mad Dogg's utility patents, including several of the patents at issue in this litigation.  Ultimately, the Patent Office concluded all six reexaminations in Mad Dogg's favor.  Accordingly, all the utility patents now asserted by Mad Dogg against Velocity in this action have already been reexamined by the Patent Office.

12.    After the reexaminations were favorably concluded, Mad Dogg sued that same infringer for infringement of the six utility patents that had been reexamined as well as two design patents.  During the course of that action, the defendant counterclaimed that the six utility patents were invalid and unenforceable based on several documents that had been located.  However, that action was ultimately settled, and a Consent Judgment was entered wherein the defendant acknowledged the validity and enforceability of Mad Dogg's patents.

13.    As described above, in addition to Mad Dogg's patents, Mad Dogg has also obtained a number of federally registered trademarks for its stationary exercise bicycles and exercise program.  These registrations include its federal trademark registration for the mark SPIN® for use in connection with stationary exercise

bicycles and physical fitness instruction.

14.     The USPTO issued the certificate of registration for the SPIN® Trademark on July 14, 1998. The SPIN® trademark (Reg. No. 2,173,202) is in full force and effect and said registration has become incontestable pursuant to 15 U.S.C. § 1065. A true and correct printout from the USPTO Web site evidencing the federal registration of the SPIN® trademark is attached hereto as **Exhibit 1**.

15.     Mad Dogg has expended substantial time, effort and financial resources in connection with its development and sale of stationary exercise bicycles bearing or being offered for sale under its SPIN® Brand Family of Marks including, specifically, its SPIN® trademark.

16.     Mad Dogg's annual gross revenues received from its sale of SPIN® bikes is in the tens of millions of dollars per year.

17.     Mad Dogg vigorously enforces its intellectual property rights and has successfully enforced its rights in its patents and in its SPIN® Brand Family of Marks against infringers in legal proceedings in the past.

18.     As a business policy, Mad Dogg has established and maintains high standards of quality for its indoor cycles bearing or being offered for sale under its SPIN® Brand Family of Marks. Mad Dogg maintains stringent quality control over licensees, sponsors, and users of its SPIN® Brand Family of Marks with respect to the style and quality of indoor cycles sold or offered for sale under these trademarks and the manner of use of said mark on said goods in order to preserve and protect Mad Dogg's valuable trademark rights. The foregoing quality control procedures ensure that all indoor cycles bearing, and being offered under, its SPIN® Brand Family of Marks will be identified by purchasers as high quality stationary exercise bicycles emanating from, licensed by, sponsored by, or authorized by Mad Dogg.

19.     Mad Dogg's SPIN® brand of bikes are widely distributed throughout the United States and worldwide. The SPIN® brand of bikes are extensively used on or in connection with the sale of all such bikes. There is a substantial public

demand for such goods, and because of said public demand, the right to manufacture, sell, distribute and/or license such goods is a valuable commercial property right.

20.    Mad Dogg's SPIN® brand of bikes have been advertised by Mad Dogg and its licensees to the public and trade throughout the United States and internationally on an extensive and frequent basis in a variety of media including without limitation newspapers, magazines, television, radio, the Internet, trade publications and trade shows.

21.    Mad Dogg's SPIN® brand of bikes, by reason of their excellence, have come to be known to the purchasing public throughout the United States and worldwide as representing products of the highest quality.  As a result, the SPIN® Brand Family of Marks and the goodwill associated therewith are of inestimable value to Mad Dogg.

22.    In addition to its inherent distinctiveness, the SPIN® Brand Family of Marks have an established secondary meaning and significance in the minds of the purchasing public, and are thus strong, famous and distinctive by virtue of the wide renown of the SPIN® Brand Family of Marks and wide geographic distribution and extensive sale of its SPIN® brand of bikes bearing or sold in connection with said marks.  As such, Mad Dogg's stationary exercise bicycles bearing or being offered for sale under the SPIN® Brand Family of Marks are immediately identified by the purchasing public with Mad Dogg.

23.    Long after Mad Dogg's adoption and use of its SPIN® Brand Family of Marks in connection with the sale of its SPIN® brand of bikes, and long after said mark on stationary exercise bicycles became both incontestable and famous, Velocity, on information and belief, began to advertise, distribute, offer for sale and/or sell into this judicial district stationary exercise bicycles bearing counterfeits and infringements of Mad Dogg's SPIN® Brand Family of Marks that do not originate from and are not sponsored by or affiliated with Mad Dogg (the

"Counterfeit Bikes"). The Counterfeit Bikes include at least, Velocity's CHB indoor bikes. Marketing information reflecting Defendants' Counterfeit Bikes is attached hereto as **Exhibits 2 and 3**.

24.     Upon information and belief, Velocity's activities complained of herein constitute willful and intentional counterfeiting and infringement of Mad Dogg's SPIN® Brand Family of Marks, and each of them, are in total disregard of Mad Dogg's rights, and were commenced and have continued despite Velocity's knowledge that the use by Velocity of a copy or colorable imitation of Mad Dogg's SPIN® Brand Family of Marks in connection with the advertisement, offering or sale and sale of Velocity's Counterfeit Bikes was and is in direct contravention of Mad Dogg's rights.

25.     The use by Velocity of a copy or colorable imitation of Mad Dogg's SPIN® Brand Family of Marks in connection with Velocity's Counterfeit Bikes was and is without Mad Dogg's consent, is likely to cause confusion and mistake in the minds of the purchasing public, is likely to damage, tarnish and dilute Mad Dogg's SPIN® Brand Family of Marks, and tends to and does falsely create the impression that Velocity and Velocity's Counterfeit Bikes, originate from or are authorized, sponsored, or approved by Mad Dogg when they are not.

## FIRST CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 5,423,728)

26.     Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

27.     On June 13, 1995, United States Patent No. 5,423,728 ("the '728 patent"), for an invention entitled "Stationary Exercise Bicycle," was duly and legally issued in the name of Johnny Goldberg. By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

- 7 -

1      28.    Velocity has notice of Mad Dogg's rights in the '728 patent.

2      29.    The '728 patent was later reexamined by the Patent Office and the Patent Office confirmed the patentability of all claims of the '728 patent.  On April 30, 2013 the Patent Office issued an *Ex Parte* Reexamination Certificate.

30.    Copies of the '728 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 4**.

31.    Velocity has infringed the '728 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include Velocity's CHB-S2002 and CHB-S2002IS bikes.  Upon information and belief, this infringement has included Velocity's use of the foregoing bikes at trade shows and/or Velocity's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

32.    Velocity has also infringed the '728 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '728 patent.  Upon information and belief, this infringement has included Velocity's distribution of CHB-S2002 and CHB-S2002IS bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '728 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's infringing CHB-S2002 and CHB-S2002IS bikes and that are not staple articles or commodities suitable for substantial noninfringing use.

33.    By reason of Velocity's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '728 patent, in an amount yet to be determined.

34.    Velocity's acts of infringement have caused irreparable harm to Mad Dogg.

35.     Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the trebling of damages.

## SECOND CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 6,155,958)

36.     Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

37.     On December 5, 2000, United States Patent No. 6,155,958 ("the '958 patent"), for an invention entitled "Stationary Exercise Bicycle Having A Rigid Frame," was duly and legally issued in the name of Johnny Goldberg.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

38.     Velocity has notice of Mad Dogg's rights in the '958 patent.

39.     Claims 1-4 and 9 of the '958 patent were reexamined by the Patent Office and the Patent Office confirmed the patentability of claims 1-4 of the '958 patent on February 19, 2013.  On April 9, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

40.     Copies of the '958 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 5**.

41.     Velocity has infringed the '958 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include Velocity's CHB-S7X and CHB-S2002IS bikes.  Upon information and belief, this infringement has included Velocity's use of the foregoing bikes at trade shows and/or Velocity's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

42.    Velocity has also infringed the '958 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '958 patent.  Upon information and belief, this infringement has included Velocity's distribution of CHB-S7X and CHB-S2002IS bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '958 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's infringing CHB-S7X and CHB-S2002IS bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

43.    By reason of Velocity's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '958 patent, in an amount yet to be determined.

44.    Velocity's acts of infringement have caused irreparable harm to Mad Dogg.

45.    Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the trebling of damages.

### THIRD CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 6,468,185)

46.    Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

47.    On October 22, 2002, United States Patent No. 6,468,185 ("the '185 patent"), for an invention entitled "Stationary Exercise Bicycle," was duly and legally issued in the name of Johnny Goldberg.  The '185 patent was reexamined by the United States Patent Office which issued a reexamination certificate on May 24, 2011.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all

1  right, title, and interest in this patent, including the right to sue and recover for

2  infringement thereof.

3       48.    Velocity has notice of Mad Dogg's rights in the '185 patent.

4       49.    The '185 patent was later reexamined by the Patent Office a second

5  time and the Patent Office confirmed the patentability of all claims of the '185

6  reexamination certificate.  On May 2, 2013, the Patent Office issued an *Ex Parte*

7  Reexamination Certificate.

8       50.    Copies of the '185 patent, the 2011 Reexamination Certificate and the

9  2013 *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 6**.

10       51.    Velocity has infringed the '185 patent by manufacturing, using,

11  offering to sell, selling, and/or importing infringing bikes, embodying one or more

12  of the inventions claimed therein within the United States.  Upon information and

13  belief, these infringing bikes include Velocity's CHB-S7X, CHB-S2002 and CHB-

14  S2002IS bikes.  Upon information and belief, this infringement has included

15  Velocity's use of the foregoing bikes at trade shows and/or Velocity's sales of the

16  foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

17       52.    Velocity has also infringed the '185 patent by supplying infringing

18  bikes to others to use, thereby inducing and/or contributing to the infringement of

19  the '185 patent.  Upon information and belief, this infringement has included

20  Velocity's distribution of CHB-S7X, CHB-S2002 and CHB-S2002IS bikes to

21  retailers, gyms, health clubs, consumers and/or end users with the intention that

22  such third parties use these bikes to infringe the '185 patent.  Upon information and

23  belief, this infringement has also occurred by Velocity's sale of components, such

24  as spare or replacement parts, that Velocity knows are especially made for use with

25  Velocity's infringing CHB-S7X, CHB-S2002 and CHB-S2002IS bikes and that are

26  not staple articles or commodities of commerce suitable for substantial

27  noninfringing use.

28

53.     By reason of Velocity's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '185 patent, in an amount yet to be determined.

54.     Velocity's acts of infringement have caused irreparable harm to Mad Dogg.

55.     Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the trebling of damages.

## FOURTH CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 6,793,608)

56.     Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

57.     On September 21, 2004, United States Patent No. 6,793,608 ("the '608 patent"), for an invention entitled "Stationary Exercise Bicycle," was duly and legally issued in the name of Johnny Goldberg.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

58.     Velocity has notice of Mad Dogg's rights in the '608 patent.

59.     The '608 patent was reexamined by the Patent Office and the Patent Office confirmed the patentability of all claims of the '608 patent.  On July 5, 2011 the Patent Office issued an *Ex Parte* Reexamination Certificate.

60.     Copies of the '608 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 7**.

61.     Velocity has infringed the '608 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include CHB-SGK893 bike.  Upon information and

belief, this infringement has included Velocity's use of the foregoing bikes at trade shows and/or Velocity's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

62.   Velocity has also infringed the '608 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '728 patent.  Upon information and belief, this infringement has included Velocity's distribution of the CHB-SGK893 bike to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '608 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's CHB-SGK893 bike and that are not staple articles or commodities suitable for substantial noninfringing use.

63.   By reason of Velocity's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '608 patent, in an amount yet to be determined.

64.   Velocity's acts of infringement have caused irreparable harm to Mad Dogg.

65.   Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the trebling of damages.

### FIFTH CAUSE OF ACTION

**(Patent Infringement -- 35 U.S.C. § 271, et seq.)**

**(United States Patent No. 6,881,178)**

66.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

67.   On April 19, 2005, United States Patent No. 6,881,178 ("the '178 patent"), for an invention entitled "Method of Exercising on a Stationary Bicycle,"

was duly and legally issued in the name of Johnny Goldberg.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

68.    Velocity has notice of Mad Dogg's rights in the '178 patent.

69.    The '178 patent was reexamined by the Patent Office and the Patent Office confirmed the patentability of claims 1-13, 16 and 19 on February 6, 2013. On May 15, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

70.    Copies of the '178 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 8**.

71.    Velocity has infringed the '178 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include CHB-S7X, CHB- S0801, CHB-SGK893, CHB-S2002 and CHB-S2002IS bikes.  Upon information and belief, this infringement has included Velocity's use of the foregoing bikes at trade shows and/or Velocity's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

72.    Velocity has also infringed the '178 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '178 patent.  Upon information and belief, this infringement has included Velocity's distribution of CHB-S7X, CHB- S0801, CHB-SGK893, CHB-S2002 and CHB-S2002IS bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '178 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's infringing CHB-S7X, CHB- S0801, CHB-SGK893, CHB-S2002 and CHB-S2002IS bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

73.     By reason of Velocity's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '178 patent, in an amount yet to be determined.

74.     Velocity's acts of infringement have caused irreparable harm to Mad Dogg and will continue to cause irreparable harm unless enjoined by this Court.

75.     Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and the resulting damage to Mad Dogg warrants the trebling of damages.

### SIXTH CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 7,455,627)

76.     Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

77.     On November 25, 2008, United States Patent No. 7,455,627 ("the '627 patent"), for an invention entitled "Stationary Exercise Bicycle," was duly and legally issued.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

78.     Velocity has notice of Mad Dogg's rights in the '627 patent.

79.     The '627 patent was reexamined by the Patent Office and the Patent Office confirmed the patentability of all claims of the '627 patent.  On February 27, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

80.     Copies of the '627 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 9**.

81.     Velocity has infringed the '627 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, the infringing bikes include Velocity's CHB-S2002 and CHB-S2002IS

- 15 -

bikes.  Upon information and belief, this infringement has included Velocity's use of the foregoing bikes at trade shows and/or Velocity's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

82.   Velocity has also infringed the '627 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '627 patent.  Upon information and belief, this infringement has included Velocity's distribution of CHB-S2002 and CHB-S2002IS bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '627 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's infringing CHB-S2002 and CHB-S2002IS bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

83.   By reason of Velocity's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '627 patent, in an amount yet to be determined.

84.   Velocity's acts of infringement have caused irreparable harm to Mad Dogg.

85.   Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and the resulting damage to Mad Dogg warrants the trebling of damages.

## SEVENTH CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 8,057,364)

86.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

87.   On November 15, 2011, United States Patent No. 8,057,364 ("the '364 patent"), for an invention entitled "Stationary Exercise Bicycle Having A Rigid

- 16 -

Frame," was duly and legally issued in the name of Johnny Goldberg.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

88.    Velocity has notice of Mad Dogg's rights in the '364 patent.

89.    The '364 patent was reexamined by the Patent Office and the Patent Office confirmed the patentability of claims 1-12 and 15-17 on February 2013.  On May 17, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

90.    Copies of the '364 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 10**.

91.    Velocity has infringed the '364 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include Velocity's CHB-S7X, CHB- S0801, CHB-SGK893, CHB-S2002 and CHB-S2002IS bikes.  Upon information and belief, this infringement has included Velocity's use of the foregoing bikes at trade shows and/or Velocity's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

92.    Velocity has also infringed the '364 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '364 patent.  Upon information and belief, this infringement has included Velocity's distribution of CHB-S7X, CHB- S0801, CHB-SGK893, CHB-S2002 and CHB-S2002IS bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '364 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's infringing CHB-S7X, CHB-S0801, CHB-SGK893, CHB-S2002 and CHB-S2002IS bikes and that are not staple

1   articles or commodities suitable for substantial noninfringing use.

2       93.    By reason of Velocity's acts of infringement, Mad Dogg has suffered

3   damages, including impairment of the value of the '364 patent, in an amount yet to

4   be determined.

5       94.    Velocity's acts of infringement have caused irreparable harm to Mad

6   Dogg.

7       95.    Velocity's acts have been committed willfully and with knowledge of

8   Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the

9   trebling of damages.

10                    **EIGHTH CAUSE OF ACTION**

11            **(Patent Infringement -- 35 U.S.C. § 271, et seq.)**

12                **(United States Patent No. D473,274)**

13      96.    Mad Dogg repeats and realleges all preceding paragraphs as if the

14   same were fully stated herein.

15      97.    On April 13, 2003, United States Design Patent No. D473,274 ("the

16   D274 patent"), for an invention entitled "Stationary Exercise Bicycle Frame", was

17   duly and legally issued in the name of Johnny Goldberg, et al.  By virtue of proper

18   assignment, Mad Dogg has acquired and duly owns all right title, and interest in

19   this patent, including the right to sue and recover for infringement thereof.  A copy

20   of the D274 patent is attached hereto as **Exhibit 11**.

21      98.    Velocity has notice of Mad Dogg's rights in the D274 patent.

22      99.    Velocity has infringed the D274 patent by manufacturing, using,

23   offering to sell, selling, and/or importing infringing bikes, embodying the invention

24   claimed therein within the United States.  Upon information and belief, these

25   infringing bikes include Velocity's CHB-S2002 and CHB-S2002IS bikes.  Upon

26   information and belief, this infringement has included Velocity's use of the

27   foregoing bikes at trade shows and/or Velocity's sales of the foregoing bikes to

28   retailers, gyms, health clubs, consumers and/or end users.

100.   Velocity has also infringed the D274 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the D274 patent.  Upon information and belief, this infringement has included Velocity's distribution of CHB-S2002 and CHB-S2002IS bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the D274 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's infringing CHB-S2002 and CHB-S2002IS bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Velocity will continue to do so unless enjoined by this Court.

101.   By reason of Velocity's acts of infringement, Mad Dogg has suffered and is suffering damages, including impairment of the value of the D274 patent, in an amount yet to be determined.  The resulting damage to Mad Dogg warrants the trebling of damages.

102.   Velocity's acts of infringement are causing irreparable harm to Mad Dogg and will continue to cause harm unless enjoined by this Court.

103.   Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment on the part of Velocity in an amount yet to be determined.

## NINTH CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. D473,602)

104.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

105.   On April 22, 2003, United States Design Patent No. D473,602 ("the D602 patent", for an invention entitled "stationary exercise bicycle", was duly and

legally issued in the name of Johnny Goldberg, et al.  By virtue of proper assignment Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.  A copy of the D602 patent is attached hereto as **Exhibit 12**.

106.   Velocity has notice of Mad Dogg's rights in the D602 patent.

107.   Velocity has infringed the D602 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying the invention claimed therein with the United States.  Upon information and belief, these infringing bikes include Velocity's CHB-S2002 and CHB-S2002IS bikes.  Upon information and belief, this infringement has included Velocity's use of the foregoing bikes at trade shows and/or Velocity's sale of the foregoing bikes to Velocity's gyms, health clubs, consumers and/or end users.

108.   Velocity has also infringed the D602 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the D602 patent.  Upon information and belief, this infringement has included Velocity's distribution of CHB-S2002 and CHB-S2002IS bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the D602 patent.  Upon information and belief, this infringement has also occurred by Velocity's sale of components, such as spare or replacement parts, that Velocity knows are especially made for use with Velocity's infringing CHB-S2002 and CHB-S2002IS bikes that are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Velocity will continue to do so unless enjoined by this Court.

109.   By reason of Velocity's acts of infringement, Mad Dogg has suffered and is suffering damages, including impairment of the value of the D602 patent, in an amount yet to be determined.  The resulting damages to Mad Dogg warrants the trebling of damages.

110.   Velocity's acts of infringement are causing irreparable harm to Mad Dogg and will continue to cause irreparable harm unless enjoined by this Court.

111.   Velocity's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment on the part of Velocity, in an amount yet to be determined.

### TENTH CAUSE OF ACTION

### (Federal Trademark Counterfeiting - 15 U.S.C. § 1114)

112.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

113.   Velocity has used spurious designations that are identical with, or substantially indistinguishable from, Mad Dogg's federally registered and incontestable SPIN® trademark (Reg. No. 2,173,202) on goods covered by said registration, namely, stationary exercise bicycles.

114.   Velocity has used these spurious designations in connection with the advertising, sale, offering for sale and distribution of goods for their own personal financial gain and such conduct by Velocity makes this an exceptional case.

115.   Velocity's use of Mad Dogg's SPIN® trademark in connection with the advertisement, distribution, offer for sale and sale of Velocity's Counterfeit Bikes was and is without the consent of Mad Dogg.

116.   Velocity's unauthorized use of Mad Dogg's SPIN® trademark on and in connection with the advertisement and sale of counterfeit goods constitutes Velocity's use of Mad Dogg's SPIN® trademark in commerce.

117.   Velocity's unauthorized use of the Mad Dogg's SPIN® trademark as set forth above is likely to:

     (1)    cause confusion, mistake and deception;

     (2)    cause the public to believe that Velocity's Counterfeit Bikes are authorized, sponsored or approved by Mad Dogg or that Velocity is affiliated,

connected or associated with or in some way related to Mad Dogg; and

(3)　　result in Velocity unfairly benefiting from Mad Dogg's goodwill and reputation, to the substantial and irreparable injury of the public, Mad Dogg and Mad Dogg's SPIN® Brand Family of Marks and the substantial goodwill represented thereby.

118.　Velocity's acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

119.　Mad Dogg has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Velocity's acts as aforesaid in an amount not thus far determined.

120.　Velocity's wrongful acts of counterfeiting will continue unless enjoined by this Court.

121.　Velocity's continued acts of willful infringement, as complained of herein, entitle Mad Dogg to an award of up to three times Velocity's profits or damages, whichever is greater, together with the costs of the action and a reasonable attorney's fee pursuant to 15 U.S.C. § 1117(b), or alternatively, up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just pursuant to 15 U.S.C. § 1117(c).

## ELEVENTH CAUSE OF ACTION

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

122.　Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

123.　The use by Velocity of copies or colorable imitations of Mad Dogg's SPIN® Brand Family of Marks in connection with their Counterfeit Bikes is likely to cause confusion, mistake or deception of consumers as to the source of origin or sponsorship of the goods, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

124.　Specifically, consumers are likely to purchase Velocity's Counterfeit Bikes falsely believing that Velocity, and Velocity's Counterfeit Bikes, are

affiliated, connected, or associated with Mad Dogg, or falsely believing that Velocity, and Velocity's Counterfeit Bikes, originate from, or are sponsored or approved by Mad Dogg when they are not.

125.   Mad Dogg has no control over the quality of the stationary exercise bicycles sold by Velocity.  Thus, the value of Mad Dogg's SPIN® Brand Family of Marks is subject to damage and dilution by Velocity, a company it cannot control.

126.   Velocity has willfully infringed Mad Dogg's trademark rights.  To this end, beyond Mad Dogg's proper marking of its federally registered SPIN® Brand Family of Marks, Mad Dogg previously sent a letter to Velocity regarding Velocity's trademark infringement.  However, Velocity has disregarded Mad Dogg's letter and has continued to willfully infringe.  The goodwill of Mad Dogg's business embodied in its SPIN® Brand Family of Marks is of great value.  Mad Dogg has suffered and will continue to suffer irreparable harm to its trademark rights, reputation and goodwill from the acts complained of herein unless Velocity's infringement is not enjoined by order of this Court.

127.   Velocity's continued acts of willful infringement, as complained of herein, entitle Mad Dogg to an award of Velocity's profits, up to three times Mad Dogg's actual damages, and Mad Dogg's attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117.

## TWELFTH CAUSE OF ACTION

### (Federal Unfair Competition and False Designation of Origin –
### 15 U.S.C.§ 1125(a) and Lanham Act § 43(a))

128.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

129.   Velocity's use of Mad Dogg's SPIN® Brand Family of Marks constitutes unfair competition and a false designation of origin that is likely to cause confusion, mistake or deception of consumers as to the source of origin or sponsorship of Velocity, and Velocity's Counterfeit Bikes, in violation of § 43(a) of

the Lanham Act.  Specifically, consumers are subject to confusion and are likely to purchase Velocity's stationary exercise bicycles falsely believing that Velocity, and Velocity's Counterfeit Bikes, are affiliated, connected, or associated with Mad Dogg, or falsely believing that Velocity, and Velocity's Counterfeit Bikes, originate from, or are sponsored or approved by Mad Dogg when they are not.

130.   Mad Dogg has no control over the nature and quality of Velocity's products.  Any failure, neglect or default by Velocity in providing high quality products will reflect adversely on Mad Dogg as the believed source of origin thereof.  This activity and the false representations made by Velocity asserting an association, sponsorship or approval by Mad Dogg of Velocity's Counterfeit Bikes, impair efforts by Mad Dogg to continue to protect its outstanding reputation for high quality stationary exercise bicycles and will result in loss of sales and goodwill by Mad Dogg, all to the irreparable harm of Mad Dogg.

131.   Unless enjoined by this Court, Velocity will continue to engage in the acts of false representation and designation complained of herein, to the irreparable damage and injury of Mad Dogg.

132.   Velocity's continued false representation and designation is with full knowledge of Mad Dogg's exclusive rights in and to its SPIN® Brand Family of Marks, and such acts are made willfully and in conscious disregard of Mad Dogg's rights, entitling Mad Dogg to an award of Velocity's profits, up to three times Mad Dogg's actual damages, and Mad Dogg's attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117.

## THIRTEENTH CAUSE OF ACTION

### (Federal Trademark Dilution - 15 U.S.C. § 1125(c))

133.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

134.   Mad Dogg is the exclusive owner of the SPIN® Brand Family of Marks, which have become incontestable pursuant to 15 U.S.C. § 1065.

135.   Based on the inherent distinctiveness of the SPIN® Brand Family of Marks in connection with stationary exercise bicycles and Mad Dogg's extensive sales, marketing and advertising of its SPIN® brand of bikes, Mad Dogg's SPIN® Brand Family of Marks has become famous pursuant to 15 U.S.C. § 1125(c).

136.   Velocity's use of copies or colorable imitations of Mad Dogg's SPIN® Brand Family of Marks in connection with Velocity's Counterfeit Bikes and Velocity's advertisement, distribution, offering for sale and sale of same, constitutes Velocity's commercial use in commerce of marks likely to cause dilution by blurring and tarnishment of Mad Dogg's SPIN® Brand Family of Marks, and each of them.

137.   Velocity's use of imitations of Mad Dogg's SPIN® Brand Family of Marks in connection with Velocity's Counterfeit Bikes and Velocity's advertisement, distribution, offering for sale and sale of same, as well as Velocity's efforts to pass off their stationary exercise bicycles as being made, marketed, sponsored, licensed or otherwise authorized or approved by Mad Dogg, are eroding the distinctiveness of Mad Dogg's famous SPIN® Brand Family of Marks, and each of them.

138.   Velocity's use of copies or colorable imitations of Mad Dogg's SPIN® Brand Family of Marks began after each became famous.

139.   Velocity's actions are likely to dilute and/or have caused actual dilution of Mad Dogg's SPIN® Brand Family of Marks by lessening the capacity of said marks to identify and distinguish Mad Dogg's SPIN® brand of bikes.

140.   Mad Dogg is threatened with injury through this dilution of its trademark rights, as well as immediate and direct injury to its name, image and business reputation.

141.   Velocity has willfully traded on Mad Dogg's reputation and has caused dilution and/or a likelihood of dilution of Mad Dogg's famous SPIN® Brand Family of Marks.

142.   Mad Dogg has no adequate remedy at law. The conduct of Velocity has caused, and if not enjoined will continue to cause, irreparable harm and damage to Mad Dogg's federal and common law trademark rights and Mad Dogg's business, reputation and goodwill.

**FOURTEENTH CAUSE OF ACTION**

**(Cal. Bus. & Prof. Code §§ 17200 et seq. and**

**State Common Law Unfair Competition)**

143.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

144.   This claim arises under Cal. Bus. & Prof. Code §§ 17200 et seq. and the common law of California.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

145.   Mad Dogg is the owner of all right, title, and interest in and to Mad Dogg's SPIN® Brand Family of Marks and the common law rights in and to same, as set forth in detail in the preceding paragraphs of this Complaint.

146.   Velocity's Counterfeit Bikes incorporate matter constituting replicas and imitations of Mad Dogg's SPIN® Brand Family of Marks. Such unauthorized use by Velocity constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of Velocity's stationary exercise bicycles and to cause purchasers to believe such products are Mad Dogg's authentic products when, in fact, they are not.

147.   Velocity has intentionally appropriated Mad Dogg's SPIN® Brand Family of Marks with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent to palm off their goods as those of the Mad Dogg and to place others in the position to palm off their goods as those of

1   Mad Dogg, and, as such, Velocity has committed trademark infringement and

2   unfair competition under the laws of the state of California.

3       148.   By infringing Mad Dogg's trademark rights, Velocity has and is

4   improperly trading upon Mad Dogg's enviable reputation and goodwill and is

5   impairing Mad Dogg's valuable rights in and to its SPIN® Brand Family of Marks.

6       149.   The activities of Velocity complained of herein constitute willful and

7   intentional acts of infringement of Mad Dogg's trademark rights and unfair

8   competition.

9       150.   Mad Dogg has no adequate remedy at law. The conduct of Velocity

10  has caused, and if not enjoined will continue to cause, irreparable damage to Mad

11  Dogg's rights in its SPIN® Brand Family of Marks and to Mad Dogg's business,

12  reputation, and goodwill.

13                          **PRAYER FOR RELIEF**

14      WHEREFORE, Mad Dogg respectfully demands judgment:

15      1.     That Velocity, its officers, directors, agents, servants, employees,

16  attorneys, confederates, and all persons and/or entities acting for, with, by, through,

17  or in concert with them or any of them be enjoined preliminarily and permanently:

18           a.     from infringing the D274 patent, either directly or contributorily

19  and from inducing others to infringe the D274 patent.

20           b.     from infringing the D602 patent, either directly or contributorily

21  and from inducing others to infringe the D602 patent.

22      2.     That Velocity be required to deliver up to the Court any and all

23  stationary bicycles in their possession, custody, and/or control that infringe the

24  D274 and/or D602 patents.

25      3.     That Velocity be required to prepare and deliver to the Court a

26  complete list of entities from whom Velocity purchased, and to whom it distributed

27  and/or sold, stationary bicycles that infringe the D274 and/or D602 patents, and to

28  serve a copy of such list on Mad Dogg's attorneys.

4.     That Velocity be required to deliver to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any stationary bicycles that infringe the D274 and/or D602 patents.

5.     That Velocity, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Mad Dogg's attorneys a written report, under oath, setting forth in detail the manner in which Velocity has complied with paragraphs 1-4, above.

6.     That Velocity be required to account for and pay over to Mad Dogg cumulative damages sustained by Mad Dogg by reason of Velocity's unlawful acts of patent infringement herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Mad Dogg under 35 U.S.C. § 284.

7.     That judgment be entered declaring that Velocity has sold, offered for sale, or distributed stationary exercise bicycles bearing counterfeits of Mad Dogg's SPIN® trademark.

8.     That judgment be entered declaring that Velocity has sold, offered for sale, or distributed stationary exercise bicycles bearing infringements of Mad Dogg's SPIN® Brand Family of Marks.

9.     That the present case be found exceptional and that Mad Dogg be awarded its costs and expenses in this action, together with pre-judgment and post-judgment interest and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

10.     That judgment be entered declaring that Velocity's aforesaid acts of counterfeiting and infringement have caused the actual dilution by blurring and tarnishment, or are likely to cause dilution by blurring and tarnishment, of Mad Dogg's SPIN® Brand Family of Marks, and each of them.

11.     That judgment be entered declaring that Velocity's acts of counterfeiting and infringement of Mad Dogg's SPIN® Brand Family of Marks have been deliberate and willful.

1        12.    That Velocity, its officers, agents, employees, servants, privies,

2   successors and assigns, and all persons and organizations in active concert

3   participation and combination with Velocity, be both preliminarily and permanently

4   enjoined and restrained from:

5           a.    using Mad Dogg's SPIN® Brand Family of Marks, or any

6   confusingly similar designations thereof;

7           b.    using any false designation, description or representation

8   regarding the source of Velocity's Counterfeit Bikes;

9           c.    further diluting and infringing Mad Dogg's SPIN® Brand

10   Family of Marks and thereby damaging Mad Dogg's goodwill and reputation;

11           d.    falsely advertising or promoting Velocity's Counterfeit Bikes by

12   using copies or colorable imitations of Mad Dogg's SPIN® Brand Family of

13   Marks, or otherwise engaging in deceptive acts and practices in the conduct of their

14   businesses; and

15           e.    otherwise infringing upon Mad Dogg's SPIN® Brand Family of

16   Marks, any of Mad Dogg's pending or registered trademarks, or competing unfairly

17   with Mad Dogg.

18        13.    That Velocity be required to deliver up for destruction all stationary

19   exercise bicycles bearing counterfeits of Mad Dogg's SPIN® trademark and all

20   labels, signs, prints, packages, wrappers, receptacles, and advertisements or

21   promotional materials bearing Mad Dogg's SPIN® Brand Family of Marks or any

22   reproduction, counterfeit, copy, or colorable imitation thereof, as well as all and all

23   plates, molds, matrices, and other means of making the same, which are in

24   Velocity's possession, custody or control, as provided by § 36 of the Lanham Act

25   (15 U.S.C. § 1118).

26        14. That Mad Dogg be compensated for all damages caused by Velocity's

27   counterfeiting and infringement of Mad Dogg's SPIN® Brand Family of Marks.

28

15. That Velocity be required to account to Mad Dogg for any and all profits derived by Velocity and to compensate Mad Dogg for all damages sustained by Mad Dogg by reason of the acts complained of herein, and that the award of such profits be enhanced up to three times their amount pursuant to 15 U.S.C. § 1117, or that Mad Dogg be awarded statutory damages of up to $2,000,000 per counterfeit mark per type of good pursuant to 15 U.S.C. § 1117(c).

16.    That the Court grant Mad Dogg such other and further relief as it deems just and equitable to make Mad Dogg whole for the damage caused by Velocity.

17.    That the Court retain jurisdiction of this action for the purpose of enabling Mad Dogg to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

18.    That Mad Dogg be awarded its reasonable costs and attorneys' fees.

19.    That Mad Dogg have such other and further relief as the Court may deem equitable.

Dated:   May 19, 2014

MACEIKO IP

By: _____
      Theodore S. Maceiko

Attorneys for Plaintiff
MAD DOGG ATHLETICS, INC.

- 30 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b) and Local Rule 38-1, Plaintiff Mad Dogg Athletics, Inc. hereby demands a trial by jury on all issues triable in this action.

Dated:   May 19, 2014

MACEIKO IP

By: _____
        Theodore S. Maceiko

Attorneys for Plaintiff
MAD DOGG ATHLETICS, INC.