Theodore S. Maceiko (SBN 150211)
ted@maceikoip.com
MACEIKO IP
3770 Highland Avenue, Suite 207
Manhattan Beach, California 90266
Telephone: (310) 545-3311
Facsimile: (310) 545-3344

Attorneys for Plaintiff/Counter-Defendant
Mad Dogg Athletics, Inc.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAD DOGG ATHLETICS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAP BARBELL, INC. d/b/a VELOCITY EXERCISE, a Texas corporation,<br><br>　　　　　Defendant. | Case No. 2:14-cv-03851 CAS (JCGx)<br><br>Assigned for all Purposes to Judge Christina A. Snyder<br><br>[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION |

　　　WHEREAS plaintiff, Mad Dogg Athletics, Inc. ("Mad Dogg"), and defendant, CAP Barbell, Inc. d/b/a Velocity Exercise ("Cap Barbell") have agreed in a separate agreement to settlement of the matter in issue between them and to entry of this judgment, it is ORDERED, ADJUDGED AND DECREED THAT:

　　　1.　　Mad Dogg alleged claims for Patent Infringement, Trademark Infringement, Unfair Competition and related claims.

　　　2.　　The Court has jurisdiction over the parties in this action and over the subject matter in issue based on 15 U.S.C. §§ 1116(a) and 1121; 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b); and 28 U.S.C. § 1367. The Court further has continuing jurisdiction to enforce the terms and provisions of the Consent Judgment

1  and Permanent Injunction.  Venue is proper in this Court pursuant to 28 U.S.C.
2  §§ 1391(b) and (c) and 1400(b).

3      3.      Mad Dogg is a corporation incorporated under the laws of the State of California, and has its principal place of business at 2111 Narcissus Court, Venice, California 90291.

4.      Cap Barbell is a Texas corporation having a principal place of business at 10820 Westpark Drive, Houston, Texas 77042.

5.      Cap Barbell has imported, made, used, sold, offered for sale or distributed certain indoor cycling stationary bicycles.

6.      Mad Dogg is the owner of U.S. Patent Nos. 5,423,728; 6,155,958; 6,468,185; 6,793,608; 6,881,178; 7,455,627 and 8,057,364 (collectively "Utility Patents"), which were valid and enforceable during their term.

7.      Mad Dogg is the owner of U.S. Design Patent Nos. D473,274 and D463,602 (collectively "Design Patents") which are valid and enforceable throughout the United States.

8.      Mad Dogg is the owner of U.S. Trademark Registration No. 2,173,202 for the standard word mark, SPIN, which is valid and enforceable throughout the United States and which has become incontestable pursuant to 15 U.S.C. § 1065 for the goods and services covered by said registration, namely, stationary exercise bicycles and physical fitness instruction (hereinafter the "SPIN trademark").

9.      The manufacture, use, sale, offer for sale or importation of the indoor cycling bikes identified in the Complaint constitutes infringement of U.S. Patent Nos. 5,423,728; 6,155,958; 6,468,185; 6,793,608; 6,881,178; 7,455,627; 8,057,364; D473,274 and/or D463,602 as alleged in the Complaint.

10.     The sale of CHB-S2002IS indoor cycling bikes bearing the SPIN mark constitutes infringement of U.S. Trademark Registration No. 2,173,202 as alleged in the Complaint.

11. Cap Barbell, and its related entities, affiliates, officers, directors, subsidiaries, divisions, owners, agents, servants, shareholders, employees, successors, assigns, representatives, and agents of any kind, and all persons or entities acting under Cap Barbell's direction or control (hereinafter collectively referred to as Cap Barbell's "Related Entities") who receive actual notice of this Order by personal service, are hereby permanently enjoined from engaging in any of the following activities:

(a) from infringing, either directly or contributorily and from inducing others to infringe any of Mad Dogg's U.S. Patent Nos. D473,274 and D472,602 through sales of unlicensed products;

(b) from using any of Mad Dogg's SPIN® Family of Marks (attached hereto as **Exhibit 1**) or any confusingly similar designations thereof, on or in connection with Cap Barbell's goods or services, web sites (including in its source code and metatags), packaging, manuals, advertisements and marketing materials;

(c) from diluting and infringing Mad Dogg's SPIN® Family of Marks and thereby damaging Mad Dogg's goodwill and reputation;

(d) from infringing upon Mad Dogg's SPIN® Family of Marks, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise, specifically stationary exercise bicycles and merchandise related thereto, or engaging in any services, specifically exercise programs using stationary exercise bicycles, by using any terms, trademarks, domain names, or other designations of origin that are confusingly similar to, or that reproduce, utilize the likenesses of, or which copy any of the SPIN® Family of Marks now or in the future;

(e) from otherwise infringing upon Mad Dogg's SPIN® Family of Marks, or competing unfairly with Mad Dogg in any manner; and

(f) from effecting assignments or transfers, forming new entities or

associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e) above.

12. Cap Barbell and its Related Entities shall not directly or indirectly take steps to contest the validity or enforceability of any of the Utility Patents or Design Patents, nor assist any third party to do so.

13. Cap Barbell and its Related Entities shall not directly or indirectly challenge, oppose, interfere with or otherwise seek cancellation of, any of Mad Dogg's SPIN® Family of Marks in the United States or elsewhere, nor assist any third party to do so.

14. Service by mail upon Cap Barbell, addressed to Edward Tseng, CAP Barbell, Inc., 10820 Westpark Drive, Houston, Texas 77042, of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice to Cap Barbell under Rule 65(d) of the Federal Rules of Civil Procedure, with a copy to Cap Barbell's undersigned counsel as well. It shall not be necessary for Cap Barbell to sign any form of acknowledgment of service.

15. The Parties shall bear their own attorneys' fees and costs.

16. All remaining causes of action or claims against Cap Barbell, and all remaining causes of action or counterclaims against Mad Dogg, are hereby dismissed with prejudice.

IT IS SO ORDERED.

Dated: February 26, 2015

*Christina A. Snyder*
United States District Judge

- 4 -

Approved as to form and content:

MACEIKO IP

By: _____
      Theodore S. Maceiko

Attorneys for Plaintiff
Mad Dogg Athletics, Inc.

February __, 2015


FOX ROTHSCHILD LLP

By: _____
      Lena N. Bacani

Attorneys for Defendant
CAP Barbell, Inc.

February __, 2015

# EXHIBIT 1

## U.S. TRADEMARK REGISTRATIONS

| Trademark | Registration No(s). |
|---|---|
| CROSSSPINNER | 3769394 |
| ESPINNER | 3626609 |
| JOHNNY G. SPINNER | 1977743 |
| JOHNNY G'S SPINNING | 1808045 |
| SPIN | 2173202; 2721952 |
| SPIN BODY | 2475595 |
| SPIN FITNESS | 3962020; 3990272; 3521332; 3978382 |
| SPINFITNESS & Design | 3661476; 3974848; 3974847; 3994201 |
| SPIN PILATES | 3990273; 3990274; 3521333; 3528187 |
| SPIN YOGA | 3981791; 3986020 |
| SPIN YOUR ASS OFF | 2116614 |
| SPINCIRCUIT | 4140957 |
| SPINCROSS | 3769393 |
| SPINERVALS | 2336564 |
| SPINGYM | 3334266 |
| SPINNER | 1972363 |
| SPINNING | 1780650; 2003922; 2079624; 2341628; 2103574; 2424295; 3286726; 3298552; 4246140 |
| SPINNING NATION | 4221948; 4401416 |
| SPINTECH | 4051866 |
| (logo) | 2062912 |

## U.S. TRADEMARK APPLICATIONS

| Trademark | Serial No(s). |
|---|---|
| SPIN | 85749060 |
| SPIN YOGA | 85435866 |
| SPINPOWER | 85876007; 85876017; 85876026 |
| SPINTECH | 85749077 |

## COMMON LAW TRADEMARKS

SPIN & SCULPT; SPIN & SLIM; SPIN & BURN; CARDIO SPIN

- 6 -